WILSON (LEAY v.). See Case No. 8,174.

## Case No. 17,816a.

### WILSON v. LEIBERMAN.

[2 Hayw. & H. 312.][1]

Circuit Court, District of Columbia. Oct. Term, 1858.

ACTION FOR TRESPASS—PARTY WALLS.

1. On the resurvey of property it was found that the dividing wall of nine inches was built wholly nine inches or more on the defendant's lot. When the defendant desired to rebuild, he pulled down the dividing wall, and was building a party-wall on the resurveyed party line, when he was enjoined from doing so; the court deciding that after the wall had remained where it was for over 12 years, it could not be pulled down and rebuilt on the resurveyed party line, but must be rebuilt on the old site.

2. Also that where a 9-inch party-wall is torn down it cannot be rebuilt by a 14-inch wall.

[This was an action at law by John Wilson against Charles H. Leiberman.]

Jos. H. Bradley, for plaintiff.
J. M. Carlisle, for defendant.

Prior to 1807 a certain Clotworthy Stephenson was the owner of lots 16 and 17, square 254. In 1807 he built a house three stories high on lot 17, with a gable end towards lot 16, having stacks and chimneys and fireplaces protruding toward the lot 16 for the convenience of the building against it. In the same year he conveyed to Mrs. Wheaton, under whom the plaintiff claims "one divided and ascertained moiety of lot 17, in square 254" and on the back of the deed was endorsed a memorandum (as appears by the record, for the original deed was not produced) of the same date, with the deed signed by the grantor and by Joseph Wheaton, the husband of the grantee, and who, as there was evidence tending to show, bought the property for her and caused it to be settled upon her, by which memorandum the terms upon which the grantor should have the use of the wall in building on "the adjoining lot" were stated. Stephenson, the grantor, after the Wheatons went into possession, continued to reside on the residue of his property there; having it enclosed, and part of the enclosure being the wall in question. In 1821 the defendant's house was built, having this for one of its walls. In 1853 the plaintiff purchased the

---

[1] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

Wheaton's title, and took a deed conveying by metes and bounds the half of lot 17 adjoining lot 16. The defendant's deed, and the deeds under whom he claimed described this property by metes and bounds as part of lot 16 with the appurtenances. After the plaintiff's purchase in 1853 an accurate survey of the square showed that the division wall stood wholly nine inches or more within lot 17. The plaintiff claimed the land according to the survey. For the purpose of building on it he caused the old house to be torn down, intending to build, and to make the wall next to the defendant 14 inches instead of 9, as it had been before, and to place the centre of the new wall with the increased thickness precisely on the line ascertained by the new survey, which would bring it some distance inside of all the defendant's fireplaces. On the other hand, the additional width to the plaintiff's lot would add greatly to its value. It seems not unreasonable, therefore, that a narrow strip of land, in itself of small value, should have given rise to so much litigation. In 1852 Leiberman procured an injunction against Wilson to prevent the taking down of the old wall unless it should be found unsound, and to prevent his building a new wall otherwise than on the site of the old one, if it should be taken down. The old wall was unsound and was taken down, and rough boards nailed up in its place, and so the premises (vacated by Leiberman) continued for a year, when Leiberman rebuilt the wall, and as was stated by his counsel, rebuilt it 14 inches thick, instead of 9 inches, as the other walls of his house are, in order to be sure that it should be strong enough to support Wilson's projected house, but when the new wall was about 10 feet above the pavement Leiberman was stopped by an injunction at the suit of Wilson, preventing him from rebuilding any other than a 9 inch wall, he therefore dropped off to a 9 inch wall. Wilson then brought this suit for trespass, and Leiberman brought his suit to recover damages for cutting away the side of his house and leaving it for a year without rebuilding it.

The case tried is the former, and it has resulted, as to the law, in the court having restricted the plaintiff Wilson to damages for the alleged trespass in occupying for several days before the bringing of the suit so much of the ground as was not covered by the old 9 inch wall.

The points of law interesting to the public in this city are—First, that a man may enjoy the comforts of his own hearth, when he has done so for more than 12 years, without fear of an action for damages founded upon accurate survey made by his neighbors; and, secondly, that when a 9 inch party wall is torn down it cannot be rebuilt by a 14 inch wall, whatever the building regulations may be supposed to say to the contrary; the first builder being the person who exercises the power under these regulations.

Verdict for the plaintiff one cent damages.